**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3301

_____

TYRONE K. WHITE,
 Appellant

v.

MS. NADEGE BARBE, MD (RESIDENT) OF JEFFERSON HOSPITAL;
PHILADELPHIA HOUSING AUTHORITY;
BETHESDA PROJECT, INC.;
MR. MATHEW SOLDANO, PROGRAM COORDINATOR;
MS. HILARY COULTER, CASE MANAGER;
MS. KATRINA FINGERSON, CASE MANAGER;
MS. SHANA VENTRESCA, CASE MANAGER;
MS. TINA PAGOTTO, CEO;
MS. MICHELLE MARLIN, PREVIOUS DIRECTOR OF HOUSING;
MS. SADIE BLAIR LOMAX, RESIDENTIAL AIDE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-03378)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2019
Before:  CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed:  April 24, 2019)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Tyrone K. White appeals the District Court's sua sponte dismissal of his second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. For the following reasons, we will affirm.

White filed a complaint against Nadege Barbe, the Philadelphia Housing Authority (PHA), the Bethesda Project Incorporated, Matthew Soldano, Hilary Coulter, Katrina Fingerson, Shana Ventresca, Tina Pagotto, Michelle Marlin, and Sade Blair Lomax (collectively, Appellees), alleging general wrongdoing by the Appellees. White also filed a motion to proceed *in forma pauperis* (IFP). The District Court granted White's IFP motion, but dismissed White's complaint under the IFP screening provision of 28 U.S.C. § 1915(e)(2)(B)(ii), noting that the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Specifically, the District Court determined that the complaint failed to convey how Appellees violated White's Fourteenth Amendment rights, and also failed to state an actionable claim under 42 U.S.C. § 1983.

After White was given two opportunities to cure the defects in his complaint, the District Court ultimately dismissed the second amended complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as the defects present in the first complaint remained in his subsequent filings. Additionally, the District Court noted that, to the extent White was asserting state law tort claims, subject matter jurisdiction via diversity of citizenship was lacking because it appeared that White and Appellees were domiciled within the same state. White now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  When considering whether to dismiss a complaint for failure to state a claim pursuant § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under Fed. R. Civ. P. 12(b)(6).  See id.  "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'"  Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff.  Id.  Furthermore, when dealing with a pro se complaint, we must liberally construe the pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation marks omitted).

Upon review of White's complaints and his appellate brief, it appears that White has been attempting to allege a violation of the Fair Housing Act (FHA), 42 U.S.C. §§ 3601-3631, which prohibits discriminatory practices in the housing sector of our nation's economy.  See Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 104 (3d Cir. 2017).  The FHA "makes it the policy of the United States to eliminate all instances of racial discrimination in housing."  Mitchell v. Cellone, 389 F.3d 86, 88 (3d Cir. 2004).  This provision "can be violated by either intentional discrimination or if a practice has a disparate impact on a protected class."  Mt. Holly Gardens Citizens in Action, Inc. v. Township of Mount Holly, 658 F.3d 375, 381 (3d Cir. 2011).  In order to prevail on

3

intentional discrimination claims, the plaintiff must show that "some discriminatory purpose was a motivating factor behind the challenged action." Cmty. Servs., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170, 176–77 (3d Cir. 2005) (internal quotation marks omitted).

On appeal, White mainly argues that he was denied the installation of a closet at his residence in a timely fashion and that he was "denied refrigerator space." While he does not explicitly say so in his brief, we infer from attached letters that he believes these denials were racially motivated—conduct which would fall within the ambit of the FHA. See 24 C.F.R. § 100.65(b) (noting prohibited actions under the FHA include "[f]ailing or delaying maintenance or repairs of sale or rental dwellings because of race[]"). White also appears to argue that the Philadelphia Commission on Human Relations (PCHR) violated his constitutional rights by not investigating statements by his housing provider, Bethesda Project, about when White's closet was installed and when he received refrigerator space.[1]

We begin by noting that PCHR is not a party to this action; however, even if it were a party, White has never explained—and we cannot imagine—how PCHR's failure to further investigate Bethesda Project's representations regarding the date of the closet installation could constitute a constitutional violation.[2] As for White's FHA allegations

---

[1] Attached to White's second amended complaint are letters from PCHR that acknowledge White's discrimination claims, but nevertheless conclude his claims have no basis since his closet was installed in March 2018 (as stated by Bethesda Project in other attachments).

[2] Consequently, amendment of the complaint to include PCHR as a party would be futile.

4

against Bethesda Project and the PHA, he fails to state a claim upon which relief can be granted.[3]  As the District Court noted, it is not enough for White to merely allege a constitutional violation and state that Appellees discriminated against him; rather, White needed to elaborate and point to any context *plausibly* suggesting race discrimination by a state actor.  See EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014) (noting "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed" (alterations and citations omitted)); see also Wind Gap Mun. Auth., 421 F.3d at 176 (noting courts typically evaluate FHA discrimination claims under their analogues in employment law).  Accordingly, White's second amended complaint, which consists of vague allegations of wrongdoing with no factual elaboration, is insufficient to state a claim.[4]  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that, while the pleading standard of Rule 8 does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint is insufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement'" (alteration omitted) (quoting Twombly, 550 U.S. at 557)); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239,

---

[3] Although White does not allege the PHA had direct involvement in the discrimination, we liberally construe White's allegations against Bethesda Project to implicate, by extension, the PHA in some capacity.

[4] Furthermore, to the extent White is appealing the dismissal of his earlier complaints, those complaints fail for the same reason.

245 (3d Cir. 2013) (noting "pro se litigants still must allege sufficient facts in their complaints to support a claim").

Finally, we note that White makes no argument on appeal challenging the District Court's determination that it did not have subject matter jurisdiction over the state law tort claims; specifically, he does not contest that diversity of citizenship was lacking between the parties. Furthermore, he does not brief any of the tort claim issues in a meaningful way.[5] Consequently, he has effectively waived these issues. See FDIC v. Deglau, 207 F.3d 153, 169 (3d Cir. 2000) (finding an issue not raised in opening brief on appeal was waived and would not be addressed); see also Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court." (internal quotation marks omitted)).

Accordingly, for the foregoing reasons, we will affirm the District Court's judgment.

---

[5] White makes a single passing reference to "negligent infliction of emotional distress (1970)" in his brief. Appellant's Br. 6.